GARY E. DOCTORMAN (0895)
DAVID P. BILLINGS (11510)
PARSONS BEHLE & LATIMER
Attorneys for Imperial Premium Finance, LLC
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Telephone: (801) 532-1234
Facsimile: (801) 536-6111
gdoctorman@parsonsbehle.com
dbillings@parsonsbehle.com

STEVEN L. SCHWARZBERG
(*Motion for admission* pro hac vice *pending*)
SCHWARZBERG & ASSOCIATES
Esperante—Suite 210
222 Lakeview Avenue
West Palm Beach, FL 33401
Telephone: (561) 659-3300
Facsimile: (561) 659-1911
steve@schwarzberglaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IMPERIAL PREMIUM FINANCE, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HANNAH WINEBERG,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>Case: 2:09cv00881<br>Assigned To : Waddoups, Clark<br>Assign. Date : 9/30/2009<br>Description: Imperial Premium<br>Finance v. Wineberg |

Plaintiff Imperial Premium Finance, LLC ("Imperial"), complains against Defendant Hannah Wineberg ("Wineberg"), and claims as follows:

### PARTIES

1. For purposes of 28 U.S.C. § 1332(a)(1), Imperial is a for-profit Florida Limited Liability Company, whose principal place of business is located Boca Raton, Florida.

2. For purposes of 28 U.S.C. § 1332(a)(1), Wineberg is a resident of the State of New York.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1) on the basis of diversity of citizenship and on the ground that the amount of controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In that regard, the value of the properties and property rights that would have to be conveyed in the event that the Court determines that Imperial properly may exercise its option under the Loan Agreement (defined below) significantly exceed $75,000.

4.  The Parties have stipulated to the personal jurisdiction of the federal courts of this district. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## GENERAL ALLEGATIONS

5.  This is an action for damages brought by Imperial against Wineberg, guarantor and trust beneficiary of the Hannah Wineberg Irrevocable Life Insurance Trust (the "Trust").

6.  This is an action for damages and equitable relief in connection with a certain Insured Disclosure Statement executed by Wineberg and based upon her failure to comply with her obligations thereunder including, but not limited to, her duty to cooperate.

## COUNT I
### *(Breach of Contract)*

7.  On October 7, 2008, Imperial entered into a Loan Application and Agreement ("Loan Agreement") with the Trust in which Imperial agreed to provide financing to the Trust to make premium payments on Lincoln Benefit Life Company Policy No. 01N1324345 ("Policy"), with a face value of $5,000,000.00.

8.  The loan was evidenced by several transaction documents, including: (1) a Promissory Note ("Note") executed and delivered by the Trust to Imperial; (2) a Guaranty by the

insured, Wineberg ("Guaranty"); (3) a Collateral Assignment and (4) an Insured Disclosure Statement.

9. The original principal amount of the loan was $266,004.60, which Imperial financed in full pursuant to the Loan Agreement.

10. Pursuant to the terms of the Loan Agreement, on the Note's Maturity Date (July 14, 2009), the Trust agreed to pay Imperial "the Total Amount Due on the Promissory Note plus the Origination Fee plus the Lender Protection Insurance Charge." (Loan Agreement, § 1.3(b)).

11. The Note is now past due.

12. The outstanding balance on the Note is approximately $414,920.65, which was calculated as follows:

| | |
|---|---|
| Principal due at loan maturity | $307,504.60 |
| Interest due at loan maturity | $24,264.01 |
| Origination fee due at loan maturity | $83,152.04 |
| Total amount due at loan maturity | $414,920.65 |
| | |
| Default interest rate | 13.5% |
| Per Diem interest post maturity | $155.60 |

13. Under the Insured Disclosure Statement, Wineberg agreed that:

> For so long as any Obligations remain outstanding, the Insured hereby covenants and agrees as follows: (a) The Insured shall take such further action and/or execute and deliver all further assurances, documents and/or instruments as may be reasonably requested by the Lender in order to (i) effect, administer or enforce the transactions contemplated by this Disclosure Statement and the other Financing Documents to sell the Policy in connection with a foreclosure or otherwise…

(Insured Disclosure Statement, ¶ 36 (a)).

14. Because the Note is past due and the Trust has failed to pay Imperial, Imperial is now exercising its rights under the Loan Agreement, Note, and Disclosure Statement (among other financial documents executed by Wineberg) to seek payment to which it is entitled. Imperial may foreclose on the Policy and cause the Policy to be sold or otherwise disposed of and, pursuant to the Disclosure Statement signed by Wineberg, Imperial may demand that Wineberg consent to the sale.

15. Imperial is entitled to be immediately paid on its Loan.

16. Imperial is entitled to obtain the repayment of its Loan from a sale of the Policy.

17. A buyer of the Policy has been identified at a price which would provide sufficient proceeds to repay the Loan and provide a substantial amount of money to the Trust.

18. Wineberg has been informed that a buyer for the Policy exists and is ready, willing and able to purchase the Policy at a price which would allow for the repayment of Imperial's Loan.

19. Due to the requirements of the buyer and the weakening market conditions in which these types of transactions occur, and from a practical perspective, it will be difficult, if not impossible, for the Policy to be sold without the cooperation and consent of Wineberg.

20. Wineberg has been asked to cooperate and provide her consent to the sale of the Policy to the prospective buyer.

21. Despite repeated requests by Imperial, Wineberg has failed and refused to provide her consent to the sale of the Policy, without any legitimate right or reason.

22. Wineberg failed to comply with her obligations under the Disclosure Statement, including but not limited to her failure to consent to the sale of the Policy.

23. The Trust cannot sell or otherwise dispose of the Policy without the cooperation and consent of Wineberg.

24. Wineberg has materially breached the Disclosure Statement agreement by refusing to cooperate and consent to the sale of the Policy.

25. As a direct and proximate result, Imperial has been damaged in at least the full amount due under the loan, together with all applicable interest, charges, attorney fees and costs.

26. Wineberg is obligated to pay for all attorney fees and costs incurred by Imperial. Under the terms of the Loan Agreement and Note, the Trust has agreed to pay the costs of collection including any reasonable attorney fees and legal expenses. (Loan, § 7.2(b), Note, p. 4).

27. Imperial has fully performed its duties and obligations under the Loan Agreement.

28. Imperial has retained the undersigned law firm to represent it in this action and is obligated to pay its reasonable attorney fees and costs expended in connection with this case.

29. All conditions precedent to the filing of this action have been satisfied, excused, or otherwise waived.

## COUNT II
### *(Specific Performance)*

30. Sufficient funds are not available to repay the subject loan.

31. Imperial is entitled to the entry of a decree of specific performance requiring Wineberg to comply with her obligations to cooperate and consent to the sale of the Policy.

32. Imperial does not have an adequate remedy at law.

33. Imperial will suffer irreparable injury if Wineberg is not required to specifically perform her obligations.

## RELIEF REQUESTED

**WHEREFORE**, Imperial requests the following relief:

1. That the Court enter judgment against Wineberg in the amount of $414,920.65, together with interest, attorney fees, and costs incurred.

2. That the Court enter a decree of specific performance in favor of Imperial and against Wineberg, together with any other relief this Court deems necessary and proper, including incidental damages, attorney fees, interest and costs.

3. For such other and further relief as the Court deems proper and just in the premises.

DATED this ___ day of September, 2009

/s/ Gary E. Doctorman
GARY E. DOCTORMAN
DAVID P. BILLINGS
PARSONS BEHLE & LATIMER

Plaintiff's Address:
701 Park of Commerce Boulevard, Suite 301
Boca Raton, FL 33487

4814-6433-3060.1

6